UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-22157-CIV-SEITZ/SIMONTON

AF HOLDINGS LLC,

    Plaintiff,

v.

JOHN DOE (174.58.4.112),

    Defendant.
_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO TAKE EARLY DISCOVERY WITH LEAVE TO REFILE

THIS MATTER is before the Court on Plaintiff's Motion for Leave to Take Discovery Prior to the Rule 26(f) Conference, [DE 5], in this copyright infringement action. Plaintiff seeks leave to serve Internet Service Provider ("ISP") Comcast with a subpoena pursuant to Fed. R. Civ. P. 45 in order to obtain the identifying information for the subscriber associated with Internet Protocol ("IP") address 174.58.4.112.

Fed. R. Civ. P. 45 (a)(2)(C) provides that a subpoena for production or inspection must be issued from the district court where production or inspection is to be made. Moreover, only the issuing court may quash or modify a subpoena. Fed. R. Civ. P. 45 (c)(3)(A). However, Rule 45 also provides that "a party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on the person subject to the subpoena . . ." Fed. R. Civ. P. 45(c)(1). Failure to do so is sanctionable conduct. *Id.*

The Court takes judicial notice of the fact that plaintiffs in actions involving the use of BitTorrent to allegedly infringe plaintiffs' copyrighted pornographic works have brought lawsuits

in this Court against alleged infringers who purportedly reside in Florida, have sought authorization to issue Rule 45 subpoenas from this Court, but the subpoenas are actually issued in distant forums. *See e.g. Bubble Gum Productions, LLC v. Does 1-80*, 12-20367-CIV-SEITZ/SIMONTON, (DE 13-1) (subpoena issued from the U.S. District Court for the District of Columbia). It is unclear why subpoenas are being issued in distant forums to discover identifying information of subscribers who allegedly reside in Florida. In fact, one court recently observed that a subpoena could be served on the ISP (Comcast) in any judicial district where subscribers reside. *Millenium TGA, Inc. v. Comcast Cable Communications, LLC*, 2012 U.S. Dist. LEXIS 88369, at *15 (D.D.C. June 25, 2012). Accordingly, upon review, it is

ORDERED THAT

(1) Plaintiff's Motion for Leave to Take Discovery Prior to the Rule 26(f) Conference is DENIED WITH LEAVE TO REFILE. [DE 5].

(2) Plaintiff must include a copy of the subpoena it intends to issue to Comcast with its Refiled Motion for Leave to Take Discovery. If the subpoena is going to be issued from any court other than the U.S. District Court for the Southern District of Florida, Plaintiff must provide an explanation as to (1) why the distant forum is the appropriate place to issue the subpoena and; (2) why the subpoena cannot be issued in this judicial district.

DONE and ORDERED in Miami, Florida, this 21st day of August, 2012.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc: Honorable Andrea M. Simonton
Counsel of Record