UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:12-cv-22157-PAS-AMS

AF HOLDINGS LLC,

    Plaintiff,

vs.

JOHN DOE,

    Defendant.
_____/

# PLAINTIFF'S RENEWED MOTION FOR LEAVE TO TAKE DISCOVERY PRIOR TO THE RULE 26(f) CONFERENCE

Plaintiff AF Holdings LLC submits this renewed motion for leave to take discovery prior to the Rule 26(f) conference. The Court denied Plaintiff's original motion for leave to take discovery, but granted Plaintiff leave to re-file. (ECF No. 7.) The Court further ordered that if Plaintiff does re-file its motion it "must include a copy of the subpoena it intends to issue" and "[i]f the subpoena will be issued from any court other than the United States District Court for the Southern District of Florida, Plaintiff must provide an explanation as to (1) why the distant forum is the appropriate place to issue the subpoena, and (2) why the subpoena cannot be issued in this judicial district." (*Id.* at 2.) Because Plaintiff proposes to issue its subpoena from the U.S. District Court for the District of Columbia, Plaintiff will provide the supplemental briefing requested by the Court. Plaintiff's original motion (ECF No. 5) and supporting memorandum are hereby incorporated into this motion as if set forth fully herein.

1

## BACKGROUND

On June 8, 2012, Plaintiff filed its complaint against an unknown Defendant, John Doe, for copyright infringement and related contributory infringement and negligence claims. (ECF No. 1.) In order to identify the unknown Defendant, Plaintiff sought leave from the Court to issue a subpoena and John Doe's Internet Service Provider ("ISP") to obtain John Doe's identifying information. (ECF No. 5.) The Court denied Plaintiff's original motion for leave to take discovery, but granted Plaintiff leave to re-file so long as Plaintiff explains "(1) why the distant forum is the appropriate place to issue the subpoena, and (2) why the subpoena cannot be issued in this judicial district." (ECF No. 7 at 2.)

This Court issued a substantially identical order regarding a similar discovery motion brought by Plaintiff in another action. *AF Holdings LLC v. John Doe*, No. 12-22147 (July 6, 2012), ECF No. 5. In its renewed motion before that court, Plaintiff explained that Federal Rule of Civil Procedure 45 ("Rule 45") required Plaintiff to issue the subpoena from where production is to be made and production refers to the delivery of the documents. *Id.*, ECF No. 7 at 2-3. Plaintiff explained that because its initial subpoena processing location is in the District of Columbia and production was to take place in that jurisdiction, Plaintiff was required to issue the subpoena out of District of Columbia to comply with Rule 45. *Id.* at 2-5. Plaintiff further explained that the defendant's ISP, and not the defendant, was the recipient of the plaintiff's subpoena and the ISP is located within the District of Columbia. *Id.* at 3. The Court denied Plaintiff's renewed motion and rejected Plaintiff's explanation because the issuance of the "subpoena from the District of Columbia, a judicial forum that has no connection to this lawsuit, appears to be a litigation tactic." *Id.*, ECF No. 8 at 3. Plaintiff files this renewed motion in order to address this Court's concerns raised by this Court in both cases.

## DISCUSSION

The Court ordered that Plaintiff "must include a copy of the subpoena it intends to issue." (ECF No. 7 at 2.) A substantially similar version of the subpoena that Plaintiff will issue if its renewed motion is granted is attached hereto as Exhibit A.[1] The Court also ordered Plaintiff to submit "an explanation as to (1) why the distant forum is the appropriate place to issue the subpoena and; (2) why the subpoena cannot be issued in this judicial district." (ECF No. 7 at 2.) Plaintiff addresses these two questions below.

### I. Why a Distant Forum is the Appropriate Place to Issue the Subpoena

The District of Columbia is the appropriate place to issue the subpoena for two reasons. First, the recipient of Plaintiff's subpoena is located in the District of Columbia. Rule 45's territorial protection is focused on the recipients of the subpoena—particularly if the recipient is a nonparty. *See In re Sealed Case*, 141 F.3d 337, 341 (D.C. Cir. 1998). ("The rules governing subpoenas and nonparty discovery have a clearly territorial focus. Applications for orders *compelling disclosure from nonparties* must be made to the court *in the district where the discovery is to be taken* . . . .") (emphasis added). Issuing the subpoena from the District of Columbia, then, is consistent with Congress' goal of providing territorial protection to nonparty subpoena recipients.

Second, Plaintiff's initial subpoena processing location is located in the District of Columbia. Plaintiff established its subpoena processing location in the District of Columbia because a large proportion of Internet Service Providers have a presence in the District of Columbia or northern Virginia. This is due to the proximity of that area to virtually every major Internet backbone network as well as the federal agencies that regulate the telecommunications

---

[1] The dates and time listed for compliance with the subpoena cannot be filled in at this time. The remaining information is accurate of how it would appear when actually issued.

industry. The major ISPs commonly hire outside counsel based in the District of Columbia. The District of Columbia is the most logical and convenient location for both Plaintiff and the subpoena's recipient.

## II.   Why the Subpoena Cannot be Issued From This District

Plaintiff's subpoena cannot be issued from this district because Rule 45 mandates that subpoenas must be issued from the district where the production is to be made. Fed. R. Civ. P. 45(a)(2)(C). "Production" refers to the delivery of documents, not their retrieval, and therefore "the district in which the production . . . is to be made" is not the district in which the documents are housed but the district in which the subpoenaed party is required to turn them over. *In re General Motors Corp. Dex-Cool Products*, No. 03-1562-GPM, 2007 WL 627459, at *1 (S.D. Ill. Feb. 27, 2007) (citing *Hay Group, Inc. v. E.B.S. Acquisition Corp.*, 360 F.3d 404 (3rd Cir. 2004) (Alito, J.)); *accord Stewart v. Mitchell Transport*, No. 01-2546-JWL, 2002 WL 1558210, at *2–3 (D. Kan. July 8, 2002); *see also* Fed. R. Civ. P. 45, Advisory Committee Notes, 1991 Amendment, Subdivision (a) ("Paragraph (a)(2) makes clear that the person subject to the subpoena is required to produce materials . . . whether or not the materials are located within the district or within the territory within which the subpoena can be served."); 9 James Wm. Moore et al., Moore's Federal Practice § 45.03 (3d ed. 2000) ("The subpoena should be issued from the Court where the production of documents is to occur, regardless of where the documents are located."); 9A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2456, at 31 (1995 & 2003 Supp.) ("Even records kept beyond the territorial jurisdiction of the district court issuing the subpoena may be covered if they are controlled by someone subject to the court's jurisdiction."). Because production is to be made in the District of Columbia, Plaintiff must issue the subpoena out of that District to comply with Rule 45.

4

The Court found similar arguments unpersuasive in the previous action and stated that "Plaintiff's ability to establish a place of production to receive identifying information for a single Doe Defendant should not impose an undue burden on Plaintiff, particularly because Plaintiff s counsel maintains an office in Miami, Florida." *AF Holdings*, No. 12-22147 (July 6, 2012), ECF No. 5 at 2. Plaintiff is not aware of any requirement under the Federal rules that requires it to establish and maintain a place of production to receive identifying information in every jurisdiction from where it may bring a lawsuit and seek discovery. Instead, Plaintiff has decided that the most convenient and logical place to establish its initial subpoena processing center is in the District of Columbia.

The Court's invocation of the phrase "distant forum" in the Order implies a concern shared by the court in *Millennium TGA, Inc. v. Comcast Cable Communications, LLC*, 2012 U.S. Dist. LEXIS 88369 (D.D.C. June 25, 2012), namely the concern that it might be unfair to require subscribers to travel to a distant judicial district to challenge the disclosure of their identifying information. Plaintiff would make two observations regarding this concern. First, Rule 45 would be inoperable if it afforded the same territorial protections to third parties who are not subject to a subpoena as it did nonparty subpoena recipients. Imagine that a plaintiff seeking the identity of a rental car driver had to identify common geography between the rental car provider and an out-of-state driver in order to issue a valid subpoena for the customer's identity. In many circumstances, such a location would not even exist. In the online infringement context, broad swaths of the U.S. population would be immune from liability for digital copyright infringement. College students who transferred schools, were home for the summer, or graduated would be immune from identification so long as their new residences were in a different federal judicial district than their alma mater. Individuals who committed infringement from a hotel or on a

5

mobile device while travelling would similarly be immunized from identification. In states with multiple federal judicial districts, such as Texas, certain individuals would be immune from identification.[2] Rule 45 cannot support an interpretation that renders Plaintiff unable to identify those who violated its copyrights. *See Marbury v. Madison*, 5 U.S. 137, 163 (1803) ("The government of the United States has been emphatically termed a government of laws, and not of men. It will certainly cease to deserve this high appellation, if the laws furnish no remedy for the violation of a vested legal right.").

Second, ISP subscribers are always entitled to challenge the disclosure of their identifying information in this Court. Although a motion to quash may only be heard in the federal judicial district where a subpoena was issued, this Court can take judicial notice that multiple procedural mechanisms exist that allow parties to challenge the disclosure of their identifying information in the district where the underlying action is pending. *See, e.g.,* Fed. R. Civ. P. 26(c). In other words, there is no reason why a subscriber would have to travel to the District of Columbia to challenge the disclosure of their identifying information.

For the Court to order Plaintiff to issue the subpoena from this District would undermine the territorial protections embedded in Rule of Civil Procedure 45. Further, any such order would not provide additional protections to John Doe, as he or she has several avenues to challenge the disclosure of his or her identifying information in this District. The only consequence of such an order would be to increase the burden on Plaintiff without any articulable corresponding benefit.

---

[2] Rule 45 requires that subpoenas be issued from the place of production and that service be made within the district, within 100 miles of the district, according to state law or according to federal law. If a subscriber is located and an underlying action is pending in the U.S. District Court for the Southern District of Texas, but his ISP's offices are in the Eastern or Northern Districts of Texas, then there would simply be no federal district from which Plaintiff could issue a valid subpoena. *See* Fed. R. Civ. P. 45(b)(2)(B); *see also* Tex. R. Civ. P. 176.3 (limiting the territorial range of subpoenas to 150 miles).

**III.     This Court Should Not Attempt to Dictate Litigation Tactics**

In the previous case, the Court denied Plaintiff's renewed motion because the Court believed the "subpoena from the District of Columbia, a judicial forum that has no connection to this lawsuit, appears to be a litigation tactic." *AF Holdings*, No. 12-22147 (S.D. Fla. Aug. 9, 2012), ECF No. 8 at 3. It is well-established that "plaintiff [is] the master of the Complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). The questions of where to bring an action, what claims to raise, what defenses to waive, what defenses to assert, what motions to file, what motions to decline from filing, whether to settle and, of course, the district from which to issue a subpoena are all tactical questions that arise in the course of litigation. Federal courts should not dictate litigation tactics to the parties, so long as the tactics are consistent with the law. For example, it would obviously be incredibly improper for a court to dictate to the Defendant that he or she is not allowed to use the litigation tactic of filing an answer to Plaintiff's complaint.

## CONCLUSION

The Court should grant Plaintiff's renewed motion for leave to take discovery prior to the Rule 26(f) conference.

                                                        Respectfully submitted,

                                                        AF Holdings LLC

DATED: September 5, 2012

                                        By:    /s/ Joseph Perea
                                               Joseph Perea, FBN 47782
                                               Joseph Perea, P.A.
                                               9100 S. Dadeland Blvd, Ste 1500
                                               Miami, Florida 33156
                                               Tel: 305-934-6215
                                               E-mail: joperea@perealawfirm.com
                                               *Attorney for Plaintiff*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on September 5, 2012, all counsel of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing document using the Court's CM/ECF system.

    /s/ Joseph Perea
    JOSEPH PEREA